UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HECTOR LUIS REYES,                )
         Plaintiff      )
                                  )
v.                                )        Civil Action No.14-30028-KAR
                                  )
CAROLYN W. COLVIN,                )
Acting Commissioner of Social     )
Security Administration,          )
         Defendant      )

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND DEFENDANT'S MOTION TO AFFIRM THE DECISION OF
THE COMMISSIONER
(Dkt. Nos. 16 & 22)
February 19, 2015

ROBERTSON, U.S.M.J.

      This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding the plaintiff's entitlement to Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3). Plaintiff Hector L. Reyes ("Plaintiff") asserts that the Commissioner's decision denying him such benefits – memorialized in a December 12, 2012 decision by an administrative law judge ("ALJ") – ignored, and was inconsistent with, substantial evidence in the record establishing that his mental impairment(s) rendered him disabled within the meaning of the governing statutes. He further asserts that the ALJ's credibility assessment, which affected the weight the ALJ gave to certain medical reports, rested exclusively and impermissibly on evidence of his past conduct. Plaintiff has filed a Motion for Judgment on the Pleadings, while the Commissioner has moved to affirm on the grounds that the ALJ's decision is supported by substantial evidence.

1

The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the following reasons, the Court will allow the Commissioner's motion to affirm and deny Plaintiff's motion for judgment on the pleadings.

## I. Standard of Review

A court may not disturb the Commissioner's decision if it is grounded in substantial evidence and based on the correct legal standard. *See* 42 U.S.C., §§405(g) and 1383(c)(3); *see also, e.g., Smith v. Astrue,* 851 F. Supp. 2d 305, 307 (D. Mass. 2012). A court must uphold the findings of the Commissioner "'if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [her] conclusion.'" *Ortiz v. Sec'y of Health & Human Servs.,* 955 F.2d 765, 769 (1st Cir. 1991) (quoting *Rodriguez v. Sec'y of Health & Human Servs.,* 647 F.2d 218, 222 (1st Cir. 1981)). "It is the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner], not the courts." *Ortiz,* 955 F.2d at 769 *(*citing *Rodriguez,* 647 F.2d at 222). "Thus, even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings 'if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [her] conclusions.'" *Greene v. Astrue,* No. 11-30084, 2012 WL 1248977 *1 (D. Mass. April 12, 2012).

## II. Procedural Background

Plaintiff filed his initial application for SSDI and SSI on June 17, 2008, alleging an onset of disability on June 1, 2007. The application was denied initially and on reconsideration (Administrative Record ("A.R.") 89). Following a June 16, 2010 hearing, an ALJ found that Plaintiff was not disabled (*id.* 89-101). Plaintiff successfully appealed to this Court and the case

was remanded for further proceedings. *See Reyes v. Astrue,* No. 11-cv-30086, 2012 WL 1076129 (D. Mass. March 27, 2012).

While his appeal was pending, Plaintiff filed new disability applications, which also were denied initially and on reconsideration (A.R. 244-245). The Appeals Council consolidated the new applications with the 2008 applications, remanding them for a new hearing, which was held on December 14, 2012 (*id.* 164). After hearing, a second ALJ concluded that Plaintiff was not disabled (*id.* 27-46). The Appeals Council denied review (*id.* 1-2). This appeal followed.

### III. Disability Standard and ALJ's Decision

An individual may be entitled to SSDI benefits, if, among other things, he has an insured status and, prior to its expiration, is disabled. *See* 42 U.S.C. § 423(a)(1)(A) and (D). Entitlement to SSI, on the other hand, requires a showing of disability and financial need. *See* 42 U.S.C. §1381a. Plaintiff's financial need, for purposes of SSI, and his insured status during the relevant period, are not contested. At issue is whether he was disabled by a mental impairment (A.R. 29-30).

The Social Security Act ("the Act") defines disability, in relevant part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A) (similar). An individual is considered disabled within the meaning of the Act

> only if his physical and mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B); *see also, generally, Bowen v. Yuckert,* 482 U.S. 137, 146-149 (1987).

In determining disability, the Commissioner follows a five-step protocol described by the First Circuit, as follows:

> First, is the claimant currently employed? If he is, the claimant is automatically considered not disabled.
>
> Second, does the claimant have a severe impairment? A 'severe impairment' means an impairment 'which significantly limits the claimant's physical or mental capacity to perform basic work-related functions.' If he does not have an impairment of at least this degree of severity, he is automatically not disabled.
>
> Third, does the claimant have an impairment equivalent to a specific list of impairments in the regulations' Appendix 1? If the claimant has an impairment of so serious a degree of severity, the claimant is automatically found disabled.
>
> . . .
>
> Fourth . . . does the claimant's impairment prevent him from performing work of the sort he has done in the past? If not, he is not disabled. If so, the agency asks the fifth question.
>
> Fifth, does the claimant's impairment prevent him from performing other work of the sort found in the economy? If so he is disabled; if not he is not disabled.

*Goodermote v. Sec'y of Health & Human Servs.,* 690 F.2d 5, 6-7 (1st Cir. 1982). A claimant has the burden of proof through step four of the analysis. *See id.* at 7.

Here, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since June 1, 2007, the alleged date of the onset of disability (A.R. 29). At steps two and three, the ALJ found that Plaintiff had certain severe impairments – antisocial personality traits, mood disorder, dysthymic disorder and a history of alcohol and cannabis dependence – but concluded that these impairments, taken separately or in combination, did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1

4

(*id.* 29-30). At step four, the ALJ concluded that Plaintiff was capable of returning to his past work, which the ALJ described as a wholesale worker (*id.* 44). Although he found that Plaintiff could still perform his past work, the ALJ nonetheless proceeded to step five and concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity ("RFC"), there were other jobs that existed in significant numbers in the national economy that he could perform (*id.* 45-46).

## IV. Discussion

Plaintiff contends that the ALJ erred in two respects: first, by making a credibility assessment that was impermissibly and exclusively based on evidence of past misconduct and is otherwise unsupported by the record; and second, by disregarding substantial record evidence of limitations attributable to Plaintiff's mental impairments in his assessment of Plaintiff's RFC. The Court will address these contentions in turn and in this order, because the ALJ's evaluation of the record evidence on which Plaintiff relies as proof of his disability depended, in part, on his evaluation of Plaintiff's credibility.

A. Plaintiff's credibility

"An administrative law judge . . . must consider a claimant's subjective allegations of . . . functional limitations, but he is not required to accept those allegations at face value and may reject them where they are unsupported by the medical evidence, treatment history, and activities of daily living." *Smith,* 851 F. Supp. 2d at 309 (citing *Frustaglia v. Sec'y of Health & Human Servs.,* 829 F.2d 192, 194-195 (1st Cir. 1987)); *Avery v. Sec'y of Health & Human Servs.,* 797 F.2d 19, 22-23 (1st Cir. 1986); 20 C.F.R. § 416.929. If an ALJ doubts a claimant's credibility, he must, as he did in this case, make specific findings identifying the evidence that was the basis

5

of his credibility determination (A.R. 33-36). *See, e.g.*, *Da Rosa v. Sec'y of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir. 1986).

The ALJ's specific findings about credibility, and the evidence on which he relied, included the following:

- Records of Plaintiff's treatment for mental impairment, while supporting his claim of mental impairment, were inconsistent with the degree of impairment and the extent of the limitations asserted by him (*id.* 34);

- Certain statements by Plaintiff at the hearing as to his activities were inconsistent with his prior statements to care providers as evidenced by records submitted in evidence (*id.* 35);

- There were discrepancies between the extent of Plaintiff's claimed limitations and evidence of his daily activities as reflected in, among other things, the Third Party Function Report (*id.* 34, 297-304);

- Plaintiff's benefit application alleged three different dates for the onset of disability, and, asked whether he knew the date on which he became disabled, he said no (*id.* 66);

- Plaintiff had a conviction for armed robbery and admitted to supplying drugs to his girlfriend in 2010 or 2011 (*id.* 20);[1] and

- Plaintiff displayed no evidence of psychiatric symptoms at the hearing (*id.* 35-36).

Plaintiff claims that the ALJ gave dispositive and improper weight to Plaintiff's criminal record in the credibility determination. This claim is belied by the record. The ALJ accorded

---

[1] Asked whether he had supplied his girlfriend with drugs in late 2010, Plaintiff's initial response was "I got tired of that." Thereafter, he testified that he gave his girlfriend money and she got the drugs. The ALJ inferred – justifiably, in the Court's view – that Plaintiff's initial response was an agreement that he had supplied his girlfriend with drugs in this timeframe (A.R. 20-21).

differing weight and significance to the evidence that caused him to doubt Plaintiff's reliability. He accorded significant weight to inconsistencies between Plaintiff's account of the extent of the limitations caused by his psychiatric impairments and the nature and extent of his treatment for those impairments and certain Global Assessment Functioning scores assigned by examining care providers (*id.* 34-35).[2] He viewed Plaintiff's inability to identify an onset date for his alleged disability, inconsistencies between his testimony and the content of some of his medical records, *and* his criminal history as indicating that he was "not entirely reliable" as a reporter of the extent of his limitations (*id.* 35). The ALJ was entitled to take Plaintiff's criminal record into consideration for purposes of evaluating his credibility. A criminal record, although it may not alone provide a basis for automatically rejecting a claimant's testimony, "may undermine credibility." *Smith,* 851 F. Supp. 2d at 310. In sum, the ALJ "included specific findings as to why he doubted [Plaintiff's] credibility, and those findings are supported by substantial evidence in the record." *Querido v. Barnhart,* 344 F. Supp. 2d 236, 257 (D. Mass. 2004); *see also Frustaglia,* 829 F.2d at 194-195 (approving ALJ's assessment of claimant's credibility as to extent of subjective complaints). Because the ALJ's credibility analysis was proper, it does not provide a basis for overturning his decision and remanding the case for a third hearing.

    B.  Plaintiff's RFC

Nor does Plaintiff's contention that the ALJ improperly ignored evidence that would have resulted in a significantly more limited assessment of his RFC stand up to scrutiny. There was certainly conflicting evidence about the extent of Plaintiff's limitations. The ALJ, however,

---

[2] He found the claimant less than credible with respect to any claim that back pain and gastroesophageal reflux caused or contributed to disability (*id.* 35). It does not appear that Plaintiff presses claims on appeal that the ALJ erred in concluding that, other than limiting Plaintiff to medium work, these physical conditions did not contribute significantly to Plaintiff's alleged disability.

7

identified substantial evidence in the record to support his conclusion that, with certain designated limitations, Plaintiff retained his ability to work despite his impairments (A.R. 36-44). As to the specific evidence identified by Plaintiff as compelling a finding of disability, the ALJ explained that he gave little weight to the opinion of treating provider Dana Caruso about the extent of Plaintiff's limitations because the opinion was: based predominantly on Plaintiff's self-reported limitations (and he had found that Plaintiff was not a wholly reliable source); not based on objective testing; and inconsistent with other evidence in the record (A.R. 38). *See, e.g., Smith v. Comm'r of Social Sec.,* 482 F.3d 873, 876-877 (6th Cir. 2007) (ALJ must explain reason for discounting opinion of treating provider; ruling that ALJ adequately explained reasons for not giving controlling weight to treating providers' opinions where opinions were inconsistent with other record evidence and were based on claimant's subjective reports and ALJ did not find claimant credible). While acknowledging Dr. Skalski's status as a treating provider, the ALJ appropriately gave little weight to the doctor's one line assessment of disability due to mental illness, where the doctor's prior notes acknowledged depression but otherwise made scant mention of mental illness, and the doctor was Plaintiff's primary care provider, not a specialist in mental health (A.R. 41, 477-510, 594, 691-714). *See id.* While the ALJ did not refer to the providers at the Hampden County House of Corrections by name, he reviewed and gave weight to those records, which did not, as a whole, support the extent of the limitations claimed by Plaintiff (A.R. 38, 377-433). He gave the opinion of Shana Boles little weight because she was not "an acceptable medical source," *see* 20 C.F.R. §§ 404.1513, 416.913, and, again, her opinion was based largely on Plaintiff's self-reported symptoms, was uncorroborated by objective medical testing, and was inconsistent with other record evidence (A.R. 39-40). *See, e.g., Hustead v. Astrue,* 2009 WL 1259132, *4 (D. Mass. May 6, 2009) (opinion of provider who was

not "acceptable medical source" under regulations not entitled to controlling weight). Plaintiff further relies on diagnostic assessments by Martin Vega, LHMS (A.R. 531-542), and Christine Mordenti, MA (*id.* 582-589). While the ALJ alluded to these portions of the record in his decision, he did not state what weight, if any, he assigned to these assessments (*id.* 40, 41). Each of these diagnostic assessments, however, was based on a single meeting with Plaintiff. Mr. Vega disclaimed an ability to form a reliable diagnosis, let alone a prognosis, based on such a limited exposure (A.R. 540). The ALJ reasonably could accord little weight to these assessments, which were based largely on Plaintiff's report of his limitations during a single encounter. *See Coggon v. Barnhart,* 354 F. Supp. 2d 40, 55 (D. Mass. 2005) (ALJ not required to directly address every piece of evidence submitted by party); *Querido,* 344 F. Supp. 2d at 245 (ALJ cannot derive factual conclusions by ignoring evidence in record but is not required to address every evidentiary item in record).

The record in this case was extensive. It is apparent from his decision that the ALJ thoroughly reviewed that record in its entirety. He credited Plaintiff's claim that he suffered from mental impairments and made the specific findings regarding those mental impairments that is required by 20 C.F.R. § 416.920a. *See id.* at 250-251. In assessing the limitations attributable to those impairments, he relied upon opinions that supported his conclusions and explained why he considered those opinions persuasive (A.R. 36, 38, 42, 44). While the record arguably might have supported a different conclusion, there was substantial evidence in the record to support the ALJ's finding that Plaintiff could perform medium work that allowed him to remain isolated from the general public, required no more than occasional contact with others, and required him to remember and carry out only simple instructions (*id.* 31). Accordingly, the Commissioner's decision should be affirmed. *See Ortiz,* 955 F.2d at 769-770.

## V. Conclusion

For the reasons stated herein, Plaintiff's Motion for Judgment on the Pleadings is DENIED, and the Defendant's Motion for Order Affirming the Decision of the Commissioner is GRANTED.

It is So Ordered.

Dated: February 19, 2015                    /s/ Katherine A. Robertson
                                            KATHERINE A. ROBERTSON
                                            United States Magistrate Judge